UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PETER TODOSIJEVIC, <br>       Plaintiff, <br> <br> v. <br> <br> R.S. PENNYFIELD'S, INC., *et al.*, <br>       Defendants. | ) <br> ) <br> ) <br> )   CAUSE NO.: 2:22-CV-379-JTM-JPK <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). The complaint alleges jurisdiction based on diversity of citizenship.[1] For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff has alleged a sufficient amount in controversy, subject to any future challenge, but has not adequately alleged the parties' citizenship.

For Plaintiff's own citizenship, he alleges that "[a]t all times material hereto, Plaintiff was, and continues to be, an adult individual residing in Lake County, Indiana." [DE 1 ¶ 1]. Of the two individual defendants, Richard Penn and William Arrington, Plaintiff alleges that at all material times, Penn "was, and continues to be, an adult individual residing in Black Hawk County, Iowa,"

---

[1] Plaintiff further alleges that the Court "has supplemental jurisdiction over the claims of this Complaint . . . pursuant to 28 U.S.C. § 1367(a) because any claims asserted herein are related to the federal claims . . . ". [DE 1 ¶ 10]. It is unclear from the Court's review which claims, if any, are alleged to arise under federal law. To the extent Plaintiff asserts supplemental jurisdiction, he must clarify those allegations.

and Arrington "was, and continues to be, an adult individual residing in Surry County, North Carolina." [*Id.* ¶¶ 3, 4]. Diversity jurisdiction is based on diversity of citizenship, which in turn "depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Plaintiff must allege the individual parties' citizenship based on where they intend to live over the long run, rather than their residency.

The jurisdictional allegations as to the corporate defendant, R.S. Pennyfield's, Inc., are unclear. Plaintiff states that at all material times, "R.S. Pennyfield's, Inc. was, and continues to be, a business entity incorporated under the laws of Iowa." [DE 1 ¶ 2]. He further alleges: "RS and Penn reside or have business locations in Iowa." [DE 1 ¶ 7]. A corporation is deemed a citizen of both the state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (the principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities"). Plaintiff has not clearly alleged the principal place of business for R.S. Pennyfield's. "In cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." *Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998).

Accordingly, the Court **ORDERS** Plaintiff to **FILE**, on or before **January 25, 2023**, a supplemental jurisdictional statement that properly alleges the citizenships of the parties, as described above.

So ORDERED this 4th day of January, 2023.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
